IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LIBERTY DAYTON REGIONAL MEDICAL CENTER, L.L.C., | § § § § § | |
| Plaintiff | | |
| v, | § § | |
| UNITED STATES OF AMERICA, THE CIT GROUP/EQUIPMENT FINANCING, INC. d.b.a. TOSHIBA AMERICA MEDICAL CREDIT, GUNNAR ERICKSON, HALLMARK REHABILITATION GP, LLC, JACKIE LEONARD, CITY OF LIBERTY, and LIBERTY COUNTY | § § § § § § § § § § § | Case No. 1:10-cv-525 |
| Defendants | § | |

**LIBERTY COUNTY'S ORIGINAL ANSWER TO ORIGINAL BILL OF INTERPLEADER OF LIBERTY DAYTON REGIONAL MEDICAL CENTER, L.L.C.**

TO THE HONORABLE COURT:

NOW COMES Liberty County, Defendant in the above-numbered and styled case and files this Original Answer to Original Bill of Interpleader (the "Interpleader") of Liberty Dayton Regional Medical Center, L.L.C. ("Plaintiff"). In answer to the Plaintiff's allegations, Liberty County answers as follows:

**I. ANSWER**

1. Paragraph 1 is denied. Due to removal, it is denied that discovery will proceed pursuant to the Texas Rules of Civil Procedure. Any discovery conducted in the instant case

must comply with the Federal Rules of Civil Procedure.

  2. Liberty County admits that Plaintiff is a Texas Limited Liability Company.

  3. Liberty County has no information or knowledge as to how the United States Department of the Treasury Internal Revenue Service, the CIT Group/Equipment Franchising, Inc. d/b/a Toshiba America Medical Credit, Gunnar Erickson, Hallmark Rehabilitation GP, Jackie Leonard or the City of Liberty can be served with process. Liberty County admits that it can be served in the manner indicated in the Interpleader.

  4. Liberty County denies that venue is proper in Liberty County since the instant matter has been removed to the United States District Court for the Eastern District of Texas. Liberty County does not, however, contest jurisdiction in the United States District Court for the Eastern District of Texas.

  5. Liberty County is without knowledge or information sufficient to form a belief as to the truth of the allegations made in subsection IV of the Interpleader. Liberty County denies that there is any legal uncertainty regarding the priority of liens in the Interplead Funds.1 Liberty County has a superior lien over the liens of the named Defendants.

  7. Liberty County is without knowledge or information sufficient to form a belief as to the truth of the allegations made in subsection V of the Interpleader. Liberty County denies that there is a question as to the primacy of the liens. Under Texas law, Liberty County has a superior lien to the liens of the named Defendants.

  8. Liberty County is without knowledge or information sufficient to form a belief as to the truth of the allegations made in subsection VI of the Interpleader.

---

1 Any capitalized term not defined herein shall have the meaning ascribed to it in the Interpleader.

9. Liberty County is without knowledge or information sufficient to form a belief as to the truth of the allegations made in subsection VII of the Interpleader.

## II. DEFENSES

10. The laws of the State of Texas, Property Tax Code, §32.05(b), give the tax liens securing the property taxes superiority over the lien of any other claim or lien against this property. Ad valorem taxes were assessed against the Plaintiff on January 1 of each year that is currently delinquent pursuant to Texas Property Tax Code §§ 32.01 and 32.07. These taxes are secured by first priority liens on the real and personal property of the Plaintiff pursuant to Tex. Prop. Tax Code §§ 32.01 and 32.05. Liberty County's lien takes priority over the claim of any holder of a lien on property encumbered by the tax lien, whether or not the debt or lien existed before the attachment of the tax lien. See Texas Property Tax Code § 32.05 (b); See also Central Appraisal District of Taylor County v. Dixie-Rose Jewels, Inc., 894 S.W. 2d 841 (Tex. App. 1995) (bank's foreclosure of its purchase money lien on personal property did not defeat or destroy the taxing unit's statutory tax lien). The tax lien arises on January 1 of each tax year and "floats" to after acquired property. See City of Dallas v. Cornerstone Bank, 879 S.W. 2d 264 (Tex. App. - Dallas 1994). The tax lien is a lien *in solido* and is a lien on all personal property of the Plaintiff. See In re Universal Seismic, 288 F.3d 205 (5th Cir. 2002). These tax claims are entitled to priority, senior to other secured claims. Stanford v. Butler, 826 F.2d 353 (5th Cir. 1987).

## II. AFFIRMATIVE RELIEF

11. Under the laws of the State of Texas, Liberty County is entitled to recover accrued and unpaid taxes in the amount of $ 708,114.16, together with interest and penalties from September 14, 2010 under the Texas Tax Code. True and correct copies of Liberty County tax statements are attached and incorporated as if set forth fully herein. Liberty County is seeking payment of these taxes and related amounts in full.

WHEREFORE, PREMISES CONSIDERED, Liberty County prays that this Court award it sufficient monies from the interpled funds to recover the full amount of all ad valorem taxes accrued and unpaid, together with related amounts provided for by the Texas Tax Code by Liberty Dayton Regional Medical Center L.L.C. and for such other and further relief to which Liberty County may be justly entitled.

Dated: January 31, 2011

Respectfully submitted,

**LINEBARGER GOGGAN BLAIR & SAMPSON, LLP**

/s/ John P. Dillman
**JOHN P. DILLMAN**
Texas State Bar No. 05874400
**TARA L. GRUNDEMEIER**
Texas State Bar No. 24036691
Post Office Box 3064
Houston, Texas 77253-3064
(713) 844-3478 *Telephone*
(713) 844-3503 *Telecopier*

*Counsel for Liberty County*

## **CERTIFICATE OF SERVICE**

       The undersigned does hereby certify that a true and correct copy of Answer of Defendant Liberty County to Plaintiff's Complaint was served by facsimile or electronic mail upon the following entities on January 31, 2011:

| Plaintiff's Counsel | CIT Counsel |
|---|---|
| Jason E. Williams, Esq. | Kimber A. Hartmann, Esq. |
| Fulbright & Jaworski L.L.P. | Justin H. Jenkins, Esq. |
| 1301 McKinney, Suite 5100 | Beasley Hoghtower & Hartmann, PC |
| Houston, TX 77002 | 1700 Pacific Avenue, Suite 4450 |
| Facsimile: 713-651-5246 | Dallas, TX 75201 |
| | Facsimile: 214-220-4747 |
| **Erickson Counsel** | **City of Liberty Counsel** |
| B. Scott Pierce, Esq. | Randall P. Gunter, Esq. |
| Brackett & Ellis | Brandon S. Davis, Esq. |
| 100 Main Street | Fielder & Gunter |
| Fort Worth, TX 76102 | 310 Main Street |
| Facsimile: 817-870-2265 | Liberty, TX 77575 |
| | Facsimile: 936-258-5508 |

                                                        */s/ John Dillman*
                                                        John Dillman