# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| LIBERTY DAYTON REGIONAL MEDICAL CENTER, L.L.C., | § § § | |
| Plaintiff | § § | |
| v. | § § | Case No. 1:10-cv-525 |
| UNITED STATES OF AMERICA, THE CIT GROUP/EQUIPMENT FINANCING, INC. d.b.a. TOSHIBA AMERICA MEDICAL CREDIT, GUNNAR ERICKSON, HALLMARK REHABILITATION GP, LLC, JACKIE LEONARD, CITY OF LIBERTY, and LIBERTY COUNTY | § § § § § § § § | |

## DEFENDANT'S, JACKIE LEONARD, ORIGINAL ANSWER

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

This action was initiated in State Court on August 3, 2010 when the Plaintiff filed its "Original Bill of Interpleader of Liberty Dayton Regional Medical Center, LLC and Notice of Tender into the Registry of the District Court" in the 75th Judicial District Court of Liberty County, Texas. Defendant, United States of America, removed this action to this Court on September 1, 2010. The Bill of Interpleader is now treated as a complaint in this Court, and Jackie Leonard now files her Original Answer to that document, and responds to the allegations as follows:

1. Section I deals with discovery rules in State Court. Jackie Leonard denies that it is applicable now that the case has been removed to Federal Court.

2. Section II sets forth the parties to this action and their service requirements. Jackie Leonard is correctly named as a Defendant. Jackie Leonard agrees that she should be a party to this action because she has a judgment lien interest in the subject property.

3. Section III deals with jurisdiction and venue in State Court. Because the United States removed this action pursuant to 28 U.S.C. §§ 1441, 1442, 1444, 1446 and 2410, the United States District Court has jurisdiction over this matter, which was brought for the purpose of determining lien priority on the interpleaded funds. Jackie Leonard agrees that venue is proper in Liberty County and, therefore, with the removal of the case, venue is proper in the Beaumont Division of the Eastern District of Texas.

4. Section IV sets forth the factual allegations. Jackie Leonard has a judgment lien on the subject property.

5. On or about July 15, 2006, Liberty Dayton Community Hospital, LP ("Liberty"), entered into an unsecured promissory note to Jackie Leonard in the amount of $200,000 bearing 12.25% interest per annum and with a maturity date of July 15, 2011 (hereinafter referred to as "Note"). In the Note, Liberty agreed to make monthly payments on the Note. Attached hereto as Exhibit "A" is a true and correct copy of the Note signed by Liberty and referred to in this petition as Note.

6. Liberty failed to make June 2009 and July 2009 payments of Liberty Note at $4,474.20 for each month for a total of $8,948.40. Under the Liberty Note, an Event of Default allows the Holder (Ms. Leonard) the right to declare the entire unpaid principal amount, together with accrued unpaid interest, immediately due and payable. See Exhibit "A". According to the terms of the Note, a failure by Maker to make payment in full when due and such failure continues for thirty (30) days after payment is due is an Event of Default. An Event of Default occurred under Liberty Note, and Jackie Leonard was entitled to exercise the right to accelerate the unpaid principal of the Note and the accrued unpaid interest.

7.  On August 3, 2009, Jackie Leonard sent a demand letter to Liberty notifying Liberty that Jackie Leonard was accelerating the entire unpaid principal balance ($101,413.33) and accrued unpaid interest ($8,536.56) for a total of $109,949.89 due under the Liberty Note. Exhibit "B" is a true and correct copy of the demand letter sent by Ms. Leonard's counsel to Liberty.

8.  Liberty failed to pay as required the principal balance due on the Note or the August 2009 interest payment. As such, Ms. Leonard filed suit against Liberty Dayton Community Hospital LP on September 1, 2009. Despite serving Liberty through its registered agent, Albert E. Schwarzer, Liberty Dayton Community Hospital, LP, failed to file an answer. Therefore, Ms. Leonard obtained a Default Judgment in the amount of $95,815.55 for the balance of the Note, attorney's fees in the amount of $3,350, costs in the amount of $285, and pre-judgment interest in the amount of $167.50. An Abstract of Judgment was filed and recorded in the Liberty County Clerk's records on December 28, 2009 at 1:24 p.m. A true and correct copy of this recorded Abstract of Judgment is attached hereto as Exhibit "C".

9.  Jackie Leonard admits that there appears to be competing claims against the interpled funds. Jackie Leonard lacks sufficient knowledge to admit or deny the remaining allegations contained in Section IV.

10. Jackie Leonard admits the allegations contained in Section V.

11. Jackie Leonard admits the allegations contained in Section VI.

12. With regard to the allegations in Section VII, Jackie Leonard does not deny that the court may in its discretion award costs and attorney's fees to Interpleader. *Royal Indemnity Co. v. Bates*, No. 08-40144, 307 Fed. Appx. 801, 806 (5th Cir. 2009) (unpublished opinion) citing *Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 696 F.2d 359, 364 (5th Cir. 1983).

WHEREFORE, PREMISES CONSIDERED, Jackie Leonard respectfully requests that the Court recognize that Ms. Leonard has a valid judgment lien on the subject property, that the Court determine the priorities of the parties claiming an interest in this property, that Ms. Leonard recover all of her judgment lien interest on the subject property and for such other relief as may be appropriate.

        Respectfully submitted,

        PLUNKETT & GIBSON, INC.
        Renaissance Plaza, Suite 1100
        70 N.E. Loop 410
        San Antonio, Texas 78216
        Telephone:  (210) 734-7092
        Facsimile:  (210) 734-0379
        hornbergerr@plunkett-gibson.com


        BY: **/s/Ronald Hornberger**
             **RONALD HORNBERGER**
             State Bar No. 10004000

        LEAD ATTORNEY FOR DEFENDANT,
        JACKIE LEONARD

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing JACKIE LEONARD's ORIGINAL ANSWER has been made on the 20th day of May, 2011, by electronic service and/or mailing a copy thereof to:

Jason E. Williams
Fulbright & Jaworski LLP
1301 McKinney, Suite 5100
Houston, TX  77010
*Attorneys for Liberty Dayton Regional Medical Center, LLC*

Justin Jenkins, Esq.
1700 Pacific Ave., Suite 4450
Dallas, TX  75201
*Attorney for CIT Group*

Kimberly Ann Hartmann
Beasley, Hightower & Hartmann, PC
1700 Pacific Ave., Suite 4450
Dallas, TX  75201
*Attorney for CIT Group*


B. Scot Pierce, Esq.
Brackett & Ellis
100 Main Street
Fort Worth, TX  76102
*Attorneys for Gunnar Erickson*

National Registered Agents, Inc.
16055 Space Center Blvd., Suite 235
Houston, TX  77062
*Registered Agent for Hallmark Rehabilitation GP, LLC*

G. Hobart Miller
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, TX  75201
*Attorneys for the United States*

Brandon S. Davis
Fielder & Gunter
310 Main
Liberty, TX  77575
*Attorney for the City of Liberty*

Liberty County
c/o County Judge Phil Fitzgerald
Liberty County Courthouse
1923 Sam Houston Street
Liberty, TX  77575

John Patrick Dillman
Linebarger, Groggan, Blair & Sampson, LLP
1301 Travis Street, Suite 300
Houston, TX  77002
*Attorney for Liberty County*


                                         **/s/Ronald Hornberger**
                                         Ronald Hornberger